## CIRCUIT COURT OF THE CITY OF RICHMOND

City of Richmond

    v.

Luke Fornash, Jr., et al.

December 2, 1977

Case No. D-9691-2

By JUDGE MARVIN F. COLE

On November 22, 1976, the court referred this matter to George D. Bowles, Commissioner in Chancery, to report on a number of inquiries among which was the following: 3. What liens are against the property, their priorities and by whom held? Commissioner Bowles's report of January 19, 1977, stated the following:

Your Commissioner finds and so reports that the liens against the property, their priorities and by whom held, are as follows:

(1)    City of Richmond                 $281.36
          Delinquent R.E. Taxes
          (Parcels 1 and 2)

(2)    Unemployment Compensation
          Commission J.D. 48, pg. 83        425.81

| | | |
|---|---|---:|
| (3) | United States of America<br>J.D. 36, page 298 | 306.96 |
| (4) | Hertz Hauling Service<br>J.D. 40, page 189 | 479.80 |
| (5) | City of Richmond<br>J.D. 42, pg. 60 | 1,273.54 |
| (6) | City of Richmond<br>J.D. 42, page 60 | 554.87 |
| (7) | Whitehurst Paving Co.<br>J.D. 42, page 179 | 1,643.88 |

Further liens were reported but they are not now pertinent to the problem now before the court.

It has been reported to the court by the Special Commissioner, John R. Haymes, Jr., that a dispute has arisen as to the priority of claims between the Unemployment Compensation Commission and Whitehurst Paving Company, it being the contention of the Unemployment Commission that their claim is superior to that of Whitehurst Paving Company, although their judgment was recorded at a later date.

The Virginia Code states the following with respect to real estate taxes:

> Section 58-1023. Lien on real estate for taxes and levies.
> There shall be a lien upon all real estate for the taxes assessed and county, district, city and town levies assessed thereon, prior to any other lien or encumbrance thereon.

Also § 48-762 of the Virginia Code gives a lien on real estate for payment of taxes and levies asserted thereon prior to any other lien or encumbrances. Since this is a specific tax levied in rem against the property it is entitled to priority over everybody, including the Federal Internal Revenue Service.

However, it should be noted that a real estate lien only attaches to the specific real estate against which

it is levied. It does not attach to any other real estate that may be owned by the taxpayer.

The Federal Internal Revenue Code and the practice of the Internal Revenue Service thereunder gives a lien for taxes, but such lien only attaches to real estate at such time as the lien is recorded in the Clerk's Office of the Circuit Court wherein the real estate is located.

We next come to the question of the lien of the U.C.C. for contributions and to what does it attach. This brings us to a discussion of the meaning of Section 60.1-96 of the Code of Virginia. There are some words used in this section which are undefined and which leave its meaning unclear. The title to the section uses the words "Priorities under legal dissolution or distributions." The first paragraph uses the words "employer's assets" without any definition. The second paragraph says that the tax imposed by this chapter shall be a lien upon the assets of the business. At no place does this section refer to a lien against all real estate of the taxpayer or to a lien against non-business assets of the taxpayer. Therefore, my opinion is that this section read as a whole creates a lien only against business assets or property of the taxpayer. This lien can be further extended by the U.C.C. by securing a judgment and recording such judgment in the Clerk's Office of the Circuit Court in any City or County wherein the taxpayer has real estate and such judgment lien shall attach to real estate at the time of recordation.

A title examiner for a residential lot in Buckingham County would have no reason to contact the U.C.C. to see if there was a lien for U.C.C. contributions from a business in Richmond. However, a title examiner for the business property in Richmond would know that he should investigate whether there was a lien for contributions accruing to the U.C.C. by reason of the employment. This is a common sense approach to the meaning of Section 60.1-96. To accept the argument of the U.C.C. would mean that the title examiner for every parcel of real estate sold or mortgaged in Virginia would have to contact the U.C.C. to determine if any lien for contributions had accrued anywhere in Virginia.

Section 58-870 of the Code does not make the court a tax collector. Obviously, if there are not sufficient funds with which to pay the taxes, the court can not see

that they are paid. This section only requires the court to make inquiry into the question of taxes, and then to apply applicable law as to priorities when it comes to making distribution.

Under the view taken by the court it is not necessary to decide whether the U.C.C. tax for contributions is merged into the judgment secured by the U.C.C.

The sale of the two lots in this case to pay real estate taxes does not involve business property wherein contributions to the U.C.C. have accrued from the employment. Therefore, the U.C.C. lien did not attach until their judgment was recorded. Therefore, the priority of liens is as follows:

| Creditor | Reference | Date Docketed |
|----------|-----------|---------------|
| (1) City of Richmond | Delinquent real estate taxes | |
| (2) City of Richmond | 42-60 | Aug. 21, 1956 |
| (3) City of Richmond | 42-60 | Aug. 21, 1956 |
| (4) Whitehurst Paving Co., Inc. | 42-179 | Mar. 18, 1957 |
| (5) City of Richmond | 43-223 | Nov. 6, 1958 |
| (6) Russell S. Myers | 44-86 | July 13, 1959 |
| (7) Commonwealth of Va. | 44-98 | August 5, 1959 |